IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH FABOZZI, on behalf of himself and those similarly situated,

    Plaintiff,

v.

STUBHUB, INC.,

    Defendant.

No. C 11-6387 MMC

**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

    Before the Court is plaintiff Joseph Fabozzi's ("Fabozzi") complaint, filed December 16, 2011 ("complaint"). For the reasons set forth below, Fabozzi is hereby ORDERED TO SHOW CAUSE why his complaint should not be dismissed for lack of subject matter jurisdiction.

**BACKGROUND**

    In his complaint, Fabozzi asserts a claim under California Business and Professions Code § 22500, et seq., and a claim under California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200, et seq. (See Compl. ¶ 1.) Fabozzi asserts federal diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). (See Compl. ¶ 2). In support thereof, Fabozzi alleges that the proposed

class of claimants is comprised of "[a]ll persons, exclusive of the [d]efendant and its employees, who purchased a ticket(s) on StubHub.com from July 25, 2007 through such time in the future when the effects of the [d]efendants' violation of [California Business and Professions Code] § 22502.2 and the UCL . . . have ceased and who were denied entry to the event because the ticket(s) were not valid for entry" (see Compl. ¶ 32); that defendant is a Delaware corporation with a principal place of business in San Francisco, California (see id. ¶ 5); that "at least some members of the proposed class have different citizenship from some [d]efendants" (see id. ¶ 2); that "[p]laintiff believes that the Class encompass[es] thousands of individuals" (see id. ¶ 33); and that "[b]ased on the [d]efendant's revenue and the damages available pursuant to California law, the [p]laintiff believes the amount in controversy exceeds $5 million." (See id. ¶ 34.)

## DISCUSSION

The issue of subject matter jurisdiction may be raised unilaterally by the district court at any stage of the proceedings. See, e.g., Snell v. Cleveland, 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ."). If the court determines it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

The proponent of federal jurisdiction bears the burden of establishing all jurisdictional prerequisites. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (holding CAFA did not change rule requiring proponent of federal jurisdiction to establish basis therefor). To establish federal jurisdiction under CAFA, Fabozzi, as the proponent of jurisdiction, must plead facts sufficient to demonstrate that the aggregate amount in controversy exceeds $5,000,000, that class membership numbers at least one hundred, and that at least one class member is diverse from at least one defendant. See 28 U.S.C. § 1332(d)(2), (d)(5).

Here, Fabozzi alleges no facts to support his "belief" that the amount in controversy exceeds $5 million or that class membership numbers at least one hundred. In the

absence of such factual allegations, the Court may not exercise jurisdiction; in particular, the Court may not do so based on speculation as to either requirement.  See <u>Lowdermilk v. U.S. Bank Nat'l Ass'n</u>, 479 F.3d 994, 1002 (9th Cir. 2007) (noting court was "left . . . to speculate as to the size of the class [and] the amount of unpaid wages owed"; holding "we cannot base our jurisdiction on . . . speculation and conjecture").

Accordingly, Fabozzi is hereby ORDERED TO SHOW CAUSE, in writing and no later than February 10, 2012, why the above-titled action should not be dismissed for lack of subject matter jurisdiction.  Defendant shall file any response thereto no later than February 17, 2012.

**IT IS SO ORDERED.**

Dated:  January 26, 2012

MAXINE M. CHESNEY
United States District Judge